IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD FULLARD,             )
                              )
            Plaintiff,        )
                              )
    v.                        )    1:17CV701
                              )
B. VALENTINE, et al.,         )
                              )
            Defendant(s).     )

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's document entitled, "Objection to Order, Objection to Judgment File Recommendations." (Docket Entry 22.) This document was filed after the Court's entry of Judgment in this matter on April 19, 2018. (*See* Docket Entry 21.) Thus, the undersigned construes Plaintiff's document as a motion for reconsideration of its most recent Judgment under Rule 59(e). As explained herein, Plaintiff's motion should be denied.

As a brief reference to the procedural background in this matter, the undersigned entered a Recommendation that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited in the Recommendation. (Docket Entry 7.) After Plaintiff failed to file timely objections, Judgment was entered on September 6, 2017, adopting the undersigned's Recommendation. (Docket Entry 9.) Shortly thereafter, the Court received Plaintiff's motions for reconsideration, along with Plaintiff's objections to the Recommendation. (Docket Entries 10-12.) After considering the arguments therein, and in an abundance of caution, the Court granted

1

Plaintiff's request for reconsideration and vacated its previous judgment. (Docket Entry 13.) The Court then considered Plaintiff's objections to the undersigned's Recommendation, overruled such objections, and ordered that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited in the Recommendation. (*Id.*) The Court contemporaneously entered Judgment with that Order. (Docket Entry 14.)

Approximately sixty days later, Plaintiff again filed a motion seeking relief under Rule 60(b). (Docket Entry 16.) The undersigned recommended that Plaintiff's motion be denied (*see* Docket Entry 17), and United States District Judge Loretta C. Biggs adopted the Recommendation. (Docket Entry 20.) Judgment was entered contemporaneously with that Order. (Docket Entry 21.) In his latest filing, Plaintiff now objects to the most recent Judgment entered in this action. (Docket Entry 22.)

Reconsideration of a previous Court order under Rule 59(e) is at the discretion of the Court.[1] *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). The Fourth Circuit has granted the motion only in narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*,

---

[1] The undersigned notes that Plaintiff's motion was filed within 28 days of the most recent Judgment.

2

148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotations omitted).

A review of Plaintiff's motion indicates that none of the narrow circumstances above are present here to warrant granting the motion. Plaintiff's motion does not assert either a change in the law, the discovery of new evidence that was previously unavailable, or a legal error so clear or the risk of an injustice so manifest that it provides a basis for invoking the "extraordinary remedy" of altering or amending the final judgment of the Court. It appears Plaintiff simply disagrees with the outcome of this matter which is not grounds for relief under Rule 59(e). *Abebe v. Moring*, No. CV 5:12-187-MBS, 2013 WL 12098810, at *2 (D.S.C. Sept. 25, 2013), *aff'd*, 557 F. App'x 227 (4th Cir. 2014). Because Plaintiff fails to present any argument warranting reconsideration, his motion should be denied.

The Court also notes that Plaintiff may be attempting to amend his Complaint through this motion. He requests that the Court "process these complaints" or that "these complaints . . . be amended." (Docket Entry 22 at 4.) To the extent asserted, the "court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotations and citations omitted). "A motion to amend is futile, and thus should be denied, if the proposed amendment is clearly insufficient because of substantive or procedural considerations." *Costello v. Univ. of N. Carolina at Greensboro*, 394 F. Supp. 2d 752, 756 (M.D.N.C. 2005) (internal quotations and citations omitted). Here, Plaintiff's additional allegations appear to challenge his criminal conviction. In a previous Recommendation, the undersigned noted that this challenge was improper under § 1983 and that Plaintiff would need to file a petition for habeas corpus under 28 U.S.C.

3

§ 2254. (Docket Entry 7 at 2.) Thus, to the extent asserted, Plaintiff's request to amend his Complaint should be denied as futile.

In sum, reconsideration of the Judgment in this matter is not warranted, nor should the Court allow Plaintiff's Complaint to be amended. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion entitled "Objection to Order, Objection to Judgment File Recommendations" (Docket Entry 22) be **DENIED**.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

September 6, 2018
Durham, North Carolina